2021 IL App (1st) 192272-U

No. 1-19-2272

Order filed February 16, 2021

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| ROBERT ANTONSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 18 CH 11422 |
| THE DEPARTMENT OF HUMAN SERVICES, and | ) | |
| SECRETARY OF HUMAN SERVICES JAMES T. | ) | |
| DIMAS, | ) | Honorable |
| | ) | Raymond W. Mitchell, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE PIERCE delivered the judgment of the court.
Justices Hyman and Coghlan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We dismiss plaintiff's appeal as moot.

¶ 2   Plaintiff Robert Antonson appeals *pro se* from the circuit court's order affirming the decision of the Illinois Department of Human Services (Department) dismissing his administrative appeal as moot. He contends the court erred by affirming the Department's decision. We dismiss plaintiff's appeal as moot.

¶ 3    On March 20, 2018, plaintiff applied for a continuation of his family's Supplemental Nutrition Assistance Program (SNAP) benefits, which are administered by the Department.[1] On April 11, 2018, the Department issued to plaintiff a notice of decision, stating the application had been denied because he had failed to keep his appointments and, therefore, his eligibility could not be established.

¶ 4    On April 20, 2018, plaintiff filed an appeal of the Department's decision, and an appeal hearing was ultimately scheduled for August 1, 2018. On the "Appeal Request Form," plaintiff stated he was appealing the April 11, 2018, notice of decision and actions that were taken with respect to his SNAP and Temporary Assistance for Needy Families (TANF) benefits.

¶ 5    In the meantime, on May 10, 2018, the Department issued a notice of decision informing plaintiff the March 2018 application had been approved. The notice further provided that his eligibility for cash and medical benefits had not been changed as a result of the decision.

¶ 6    On August 1, 2018, plaintiff, his wife, and caseworker, Denise Johnson, appeared at the telephonic appeal hearing. At the outset, the administrative law judge (ALJ) attempted to ascertain the issue plaintiff was raising in his appeal. Plaintiff stated he was appealing the April 11, 2018, notice of decision which denied his SNAP benefits. Johnson stated defendant's application had been denied "[f]or failed appointment" and that his monthly SNAP allotment for May was not issued on May 3, 2018, as it normally would have been. Instead, Johnson stated, plaintiff's benefits for May 2018 were issued on May 10, and plaintiff confirmed the benefits

---

[1] The application is not in the record. We note plaintiff's wife may actually have applied for the benefits at issue because her name is listed as the addressee on various documents issued by the Department. However, we find this discrepancy is of no consequence given plaintiff, as a member of the household, has the right to appeal any adverse action taken with respect to the benefits. See 89 Ill. Adm. Code 10.280(a) (eff. May 1, 2019).

were issued on that date. Plaintiff also confirmed he received his SNAP benefits in April, May, June, and July of 2018. After the ALJ noted plaintiff's appeal concerned the denial of his application for SNAP benefits, plaintiff stated "that doesn't address the issue of benefits being withheld," and that he was appealing "because [he] was harassed and after [he] sent [a] letter of cease and desist and e[-]mails telling them stop harassing, then they reissued the benefits."

¶ 7     On August 21, 2018, the Department issued its final administrative decision, dismissing plaintiff's appeal as moot. Therein, the Department observed the issue on appeal was the April 11, 2018, denial of plaintiff's SNAP benefits. The Department found that, because the Department approved plaintiff's March 2018 application after he filed the appeal, the underlying controversy no longer existed.

¶ 8     Plaintiff thereafter filed a complaint for judicial review against the Department and its secretary, James T. Dimas, pursuant to the Illinois Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2018)).[2] After the Department filed its answer containing the administrative record, plaintiff filed a "motion to compel defendant to abide by the court order and answer properly to the complaint of administrative review." The motion asserted the record filed by defendants did not contain the entire administrative record and that defendants' counsel perjured himself and "encouraged the spoliation of evidence" by certifying the record filed. Plaintiff requested a court order directing defendants to file a "complete" record which included "all e-mail correspondence, documents, complaints of Defendant's fraud, employees incompetence, misconducts, harassments, perjuries used in the process of harassing, physical threats ***,

---

[2] Grace B. Hou has since replaced Dimas as secretary. See 735 ILCS 5/2-1008(d) (West 2018).

Letters of Cease and Desist from Harassment ***, Client Grievances *** with the required answers/investigations as the laws obligates, etc. or any other Courts Orders."

¶ 9    Plaintiff filed a brief in support of his complaint for administrative review. In his brief, he did not raise any argument relating to the propriety of the Department's determination that the appeal was moot but rather contended the Department's decision was a "retaliation." He claimed, as he did in his motion to compel, defendants had committed perjury and spoliation of evidence by filing a "simulacrum" of the administrative record. He also asserted defendants had "cherry-picked" documents and filed them as the administrative record when, in fact, several documents were missing from the record, including transcripts of certain hearings, a copy of plaintiff's file, and various complaints of fraud, retaliation, threats, harassment, and discrimination made by plaintiff to the Department. Plaintiff attached to his complaint several documents, all of which predated his March 2018 application. The attached documents included letters and e-mails to and from the Department and its employees, Department grievance and complaint forms, and a court order entered in Cook County case No. 16 CH 3654, which ordered the Department to reimburse plaintiff and his family for TANF benefits that were withheld pursuant to an October 2015 sanctions notice.

¶ 10    Defendants filed a brief arguing the Department's determination the administrative appeal was moot was correct because plaintiff had received his May 2018 SNAP benefits, albeit one week late. Defendants also argued that, to the extent plaintiff was challenging his TANF benefits, the record was devoid of any decision regarding those benefits that was properly raised in his administrative appeal. In addition, defendants argued plaintiff's brief relied on facts outside the record and he failed to provide any convincing arguments that the documents he

contended were missing from the record were in fact considered by the Department in making its decision. According to defendants, the circuit court could not consider those documents, as it was limited to considering only the evidence which was before the Department.

¶ 11    In reply, plaintiff argued "[n]o mootness nor relief was ever 'granted' to Plaintiff." He asserted the relief he originally sought "was restitution of all children's benefits, SNAP, cash, medical, etc., illegally sanctioned by Defendant; a permanent STOP to any retaliatory acts of physical threats, intimidation, mental torment, harassment, etc.; a permanent STOP to fraud of public funds at State level, and accountability of the offenders." He again took issue with the purported incompleteness of the record filed by defendants and again attached documents unrelated to his April 20, 2018, appeal, including e-mails which predated his appeal and a transcript from a telephonic hearing that took place on April 9, 2018, in a different, unrelated administrative appeal.

¶ 12    In October 2019, the circuit court entered a written order affirming the Department's final administrative decision. In the order, the court agreed with the Department's conclusion that the administrative appeal was rendered moot when, on May 10, 2018, the Department issued the second notice of decision which awarded plaintiff the SNAP benefits he sought. The court noted plaintiff had filed his own "record" but stated it would be improper for it to consider those materials as they were outside the administrative record. In a footnote, the court denied plaintiff's motion to compel, finding it was "of no consequence" given plaintiff had already received the SNAP benefits for which he applied. This appeal followed.

¶ 13    On appeal, plaintiff contends the circuit court erred in affirming the Department's final administrative decision.

¶ 14     As an initial matter, we note plaintiff has failed to comply with Illinois Supreme Court Rules 341 (eff. May 25, 2018) and 342 (eff. Oct. 1, 2019), which govern the form and content of appellate briefs and appendices. Indeed, plaintiff's brief contains several glaring deficiencies, which has hindered our ability to meaningfully review his claims of error.

¶ 15     First, plaintiff's statement of facts does not present the facts and procedural history in a manner that aids our understanding of the case, or in a manner that is clear, accurate, free from argument and comment, and with appropriate reference to the record on appeal. See Ill. S. Ct. R. 341(h)(6) (eff. May 25, 2018). Instead, the statement of facts is almost entirely argumentative, sets forth several purported facts and conclusions that have no support in the record, and raises allegations of perjury, fraud, corruption, and official misconduct on the part of the Department's employees, the attorney general's office, and the judiciary. Second, the points stated in plaintiff's "Points and Authorities" section of his brief do not correspond with the arguments raised in the argument section of his brief. See Ill S. Ct. R. 341(h)(1) (eff. May 25, 2018) (the "Points and Authorities" section of an appellate brief "shall consist of the heading of the points and subpoints as in the Argument"). Third, plaintiff fails to set forth the standard of review applicable to his claims of error. See Ill. S. Ct. R. 341(h)(3) (eff. May 25, 2018). Fourth, the argument sections of plaintiff's opening and reply briefs are devoid of any citation to legal authority or the pertinent pages of the record and fails to set forth a comprehensible legal argument relating to the propriety of the Department's final administrative decision. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018); *People v. Macias*, 2015 IL App (1st) 132039, ¶ 88 (reviewing court is entitled to have pertinent authority cited and a cohesive legal argument presented).

¶ 16    Fifth, the appendix to plaintiff's brief does not include a table of contents to the appendix, the judgment appealed from, the Department's final administrative decision, the notice of appeal, or a complete table of contents with page references of the record on appeal as required by Rule 342. Ill. S. Ct. R. 342 (eff. Oct. 1, 2019). Rather, plaintiff appended to his brief several items, none of which are contained in the record on appeal. See *Morse v. Donati*, 2019 IL App (2d) 180328, ¶ 16 ("If materials are not taken from the record, they may not be placed before us in an appendix and will be disregarded.").

¶ 17    The purpose of the rules relating to the form and content of appellate briefs is to require parties to present clear and orderly arguments, supported by citations of authority and the record, so we can ascertain and dispose of the issues raised. *Gruby v. Department of Public Health*, 2015 IL App (2d) 140790, ¶ 12. This court is not a depository into which a party may dump the burden of argument and research. *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises*, 2013 IL 115106, ¶ 56. Compliance with these rules is mandatory, and plaintiff's status as a self-represented litigant does not excuse his compliance. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8.

¶ 18    Given the glaring deficiencies in plaintiff's brief, we would be within our discretion to strike plaintiff's brief and dismiss his appeal. See *L.D.S., LLC v. Southern Cross Food, Ltd.*, 2017 IL App (1st) 163058, ¶ 32 (appellate court has inherent authority to dismiss an appeal where appellant fails to comply with the rules relating to form and content of appellate briefs). However, because the merits of the case can be ascertained from the record and we have the benefit of a cogent brief from defendants, we decline to dismiss the appeal and will consider the merits. That said, we will not consider the documents improperly appended to plaintiff's brief

(*Morse*, 2019 IL App (2d) 180328, ¶ 16), and we caution plaintiff that his failure to fully comply with Rules 341 and 342 in the future may result in the dismissal of his appeal without consideration of the merits.[3]

¶ 19    Turning to the merits, we conclude we must dismiss plaintiff's appeal as moot. On appeal from the circuit court's review of an administrative decision, we review the agency's decision, not the circuit court's. *Doe Three v. Department of Public Health*, 2017 IL App (1st) 162548, ¶ 25. Here, the Department determined plaintiff's administrative appeal was moot. Whether a case has been rendered moot is a question of law. *People v. Custer*, 2019 IL 123339, ¶ 17. Accordingly, our review is *de novo*. *Board of Education of City of Chicago v. Illinois Educational Labor Relations Board*, 2015 IL 118043, ¶ 15.

¶ 20    "The existence of an actual controversy is an essential requisite to appellate jurisdiction, and courts of review will generally not decide abstract, hypothetical, or moot questions." *In re Andrea F.*, 208 Ill. 2d 148, 156 (2003). An appeal is moot when a reviewing court cannot grant the appealing party effectual relief. *In re Marriage of Donald B.*, 2014 IL 115463, ¶ 23. In other words, "[m]ootness occurs once the plaintiff has secured what he basically sought and a resolution of the issues could not have any practical effect on the existing controversy." *Hanna v. City of Chicago*, 382 Ill. App. 3d 672, 677 (2008). The proper course of action for a court to take when a case has been rendered moot is to dismiss it. *In re Alfred H.H.*, 233 Ill. 2d 345, 364 (2009).

---

[3] We take notice that this appeal is one of seven filed by plaintiff since 2018. *E.g.*, *Curtis v. Lofy*, 394 Ill. App. 3d 170, 172 (2009) (reviewing court may take judicial notice of court records). Including the case at bar, three of those appeals are pending.

¶ 21    In this case, the record shows, on March 20, 2018 plaintiff applied for a continuation of his SNAP benefits. On April 11, 2018, the Department issued to plaintiff a notice of decision informing him the application had been denied because he had failed to keep appointments, which were required to confirm his eligibility for continued benefits. On April 20, 2018, plaintiff filed his administrative appeal, stating the decision from which he was appealing was issued on April 11, 2018. On May 10, 2018, before the hearing on plaintiff's administrative appeal took place, the Department issued a second notice of decision, informing plaintiff his March 20, 2018, application for SNAP benefits had been approved. When the Department issued its May 10, 2018, notice of decision, plaintiff "secured what he basically sought and a resolution of the issues could not have [had] any practical effect on the existing controversy." *Hanna*, 382 Ill. App. 3d at 677. Accordingly, the Department correctly determined his administrative appeal was moot.

¶ 22    In reaching our conclusion, we note both plaintiff's and Jones's testimony at the administrative appeal hearing confirm plaintiff's appeal was moot. Plaintiff informed the ALJ his appeal concerned the April 11, 2018, notice of decision, in which the Department notified him his March 20, 2018, application had been denied, and the record does not indicate any other adverse action with respect to his receipt of benefits was taken on that date. However, when asked whether plaintiff had in fact received his May 2018 benefits, Jones informed the ALJ plaintiff's SNAP benefits for May 2018 were delayed but issued on May 10, 2018, a fact plaintiff confirmed.

¶ 23    To the extent plaintiff challenges alleged sanctions to his SNAP, TANF, and other benefits, we observe plaintiff's administrative appeal specifically stated he was challenging the

Department's April 11, 2018, notice of decision. The record does not contain any indication any of his benefits were sanctioned as part of the April 11, 2018, decision. In fact, Jones's testimony at the administrative hearing shows plaintiff's SNAP and TANF benefits remained the same both before and after he submitted his March 20, 2018, application. Accordingly, any sanctions of which plaintiff complains were not properly before the ALJ.

¶ 24    Finally, we note that, to the extent plaintiff is challenging the court's denial of his "motion to compel defendant to abide by the court order and answer properly to the complaint of administrative review," we need not address the issue because the appeal is moot.

¶ 25    For the reasons stated, we dismiss this appeal as moot.

¶ 26    Appeal dismissed.