2021 IL App (1st) 200583-U

No. 1-20-0583

Order filed June 4, 2021

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ROBERT ANTONSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 CH 7877 |
| | ) | |
| ILLINOIS DEPARTMENT OF HUMAN | ) | |
| SERVICES, JAMES T. DIMAS, SECRETARY, | ) | |
| and BUREAU OF HEARINGS, | ) | Honorable |
| | ) | Sanjay Tailor, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Delort and Justice Cunningham concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Plaintiff's *pro se* appeal is dismissed for lack of jurisdiction when the record does not show the trial court ruled on a timely filed postjudgment motion.

¶ 2    *Pro se* plaintiff Robert Antonson appeals from the trial court's order dismissing his petition

for administrative relief against defendants, the Department of Human Services (DHS), Secretary

of Human Services James T. Dimas, and the Bureau of Hearings.[1] The petition for administrative relief arose from orders entered by DHS which dismissed an appeal and denied a request to reschedule a hearing in an appeal brought by plaintiff after the denial of certain benefits. On appeal, plaintiff contends that the orders were illegal and violated defendants' rules. He further contends that the trial court erred when it failed to compel defendants to "produce the entire record of proceedings." We dismiss for lack of jurisdiction.

¶ 3       The record on appeal does not contain a report of the underlying administrative proceeding. However, the following facts are derived from the common law record which includes, *inter alia*, plaintiff's *pro se* complaint for administrative review and exhibits, defendant's motion and amended motion to dismiss and exhibits, and the trial court's dismissal order.

¶ 4       On May 7, 2019, plaintiff filed an appeal from the denial of "cash benefits." Letters from the DHS Appeals Office dated May 9, 2019, acknowledged receipt of the appeal and stated that a hearing officer would hear the appeal at 10 a.m. on May 23, 2019, at 8001 Lincoln Avenue in Skokie.

¶ 5       A May 28, 2019 letter from the DHS Appeals Office to plaintiff noted that neither plaintiff nor his representative appeared at the hearing, and therefore, the appeal was considered abandoned and dismissed. However, if plaintiff still wished for a hearing, the appeal could be continued to a new date if he made a written request within 10 days and presented good cause for failing to appear.

¶ 6       A June 14, 2019 letter from the DHS Appeals Office to plaintiff stated that the hearing scheduled for May 23, 2019, would be rescheduled. A June 18, 2019 letter from the DHS Appeals Office to plaintiff stated that a hearing officer would hear the appeal by telephone at 9 a.m. on July

---

[1] Grace B. Hou has since replaced Dimas as secretary. See 735 ILCS 5/2-1008(d) (West 2018).

1, 2019. In a June 25, 2019 letter, the DHS Appeals Office denied plaintiff's request for a new hearing date.

¶ 7    On July 1, 2019, plaintiff filed a *pro se* complaint for administrative review in the circuit court challenging the orders of May 28, 2019 and June 25, 2019, as violations of DHS rules. The complaint further alleged that the orders were retaliation against plaintiff for filing a grievance, and that plaintiff had exhausted his administrative remedies. This case was assigned case number 19 CH 7877.

¶ 8    A July 3, 2019 letter from the DHS Appeals Office to plaintiff noted that neither plaintiff nor his representative appeared at the hearing and therefore, the appeal was considered abandoned and dismissed. However, if plaintiff still wished for a hearing, the appeal could be continued to a new date if he made a written request within 10 days and presented good cause for failing to appear.

¶ 9    A July 5, 2019 letter from the DHS Appeals Office to plaintiff stated that the hearing scheduled for July 1, 2019, would be rescheduled to a telephone hearing on July 15, 2019, at 9 a.m. The telephone hearing was then rescheduled to July 22, 2019, September 9, 2019, and October 7, 2019. The telephone hearing was held on October 7, 2019, but a transcript is not included in the record on appeal.

¶ 10    Meanwhile, the administrative review proceeding, case number 19 CH 7877 challenging the May 28, 2019 and June 25, 2019 orders, proceeded in the circuit court.

¶ 11    On August 1, 2019, defendants filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure alleging that the circuit court lacked jurisdiction over plaintiff's complaint because he failed to exhaust his administrative remedies, the administrative proceeding was ongoing, and there was no final administrative decision to appeal. See 735 ILCS 5/2-619(a)(1)

(West 2018). Moreover, defendants alleged the proceeding should be dismissed as moot when plaintiff already received the relief he sought, that is, the reinstatement of his appeal.

¶ 12     On October 7, 2019, plaintiff filed a *pro se* motion objecting to the motion to dismiss and seeking to compel defendants to produce a "proper answer" and a certified copy of the "entire" record of the administrative proceeding.  On October 10, 2019, plaintiff filed a *pro se* reply to the motion to dismiss. On November 8, 2019, the trial court denied the motion to dismiss without prejudice.

¶ 13     On December 6, 2019, defendants filed an amended motion to dismiss, alleging, in relevant part, that a final administrative decision had not been entered when plaintiff filed the petition for administrative review, although a final administrative decision was entered on November 20, 2019. The amended motion reiterated that plaintiff failed to exhaust his administrative remedies, and, in any event, had already received the relief sought when his appeal was reinstated. Attached were a copy of the final administrative decision entered on November 20, 2019, and the affidavit of DHS Deputy Counsel and Chief Administrative Law Judge Richard Madison.

¶ 14     Madison averred that due to an oversight, plaintiff's appeal was originally set for an in-person hearing rather than a telephone hearing. When no one appeared at the in-person hearing, a dismissal letter was issued on May 28, 2019. Once the error was discovered, however, the appeal was reinstated, and a telephone hearing was scheduled for July 1, 2019. The appeal was ultimately heard, and a final decision dismissing the appeal was issued on November 20, 2019.

¶ 15     Plaintiff filed a response alleging that Madison perjured himself and that DHS never vacated the May 28, 2019 and June 25, 2019 "final orders."

¶ 16    On February 10, 2020, defendants filed a reply in support of the motion to dismiss alleging, relevant here, that plaintiff's assertion his administrative remedies were exhausted at the time he filed the complaint in the instant case was belied by the fact he filed two petitions for administrative review of the November 20, 2019 final administrative decision in the circuit court on December 5, 2019, and December 12, 2019. Attached were documents filed in cases 19 CH 14025 and 19 CH 14337.

¶ 17    On March 3, 2020, the trial court dismissed the instant complaint for administrative review for lack of jurisdiction and failure to exhaust administrative remedies, and as moot. The court noted that although plaintiff's appeal was dismissed in error on May 28, 2019, that error was corrected, and he was ultimately afforded a telephone hearing on October 7, 2019.

¶ 18    On March 30, 2020, plaintiff filed a *pro se* motion to vacate and reconsider the dismissal. Also on March 30, 2020, plaintiff filed a *pro se* notice of appeal.

¶ 19    On appeal, plaintiff contends that the dismissal should be reversed because the complained-of orders were illegal and violated defendants' rules. He further contends that the trial court erred when it failed to compel defendants to "produce the entire record of proceedings."

¶ 20    At the outset, our review of plaintiff's appeal is hindered by his failure to fully comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12.  Although plaintiff is a *pro se* litigant, this status does not lessen his burden on appeal. "In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Rule 341(h) provides that an appellant's brief should contain a statement of "the facts necessary to an

understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal" and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). Pursuant to the rule, a reviewing court is entitled to have issues clearly defined with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 21    Here, plaintiff's briefs provide minimal citations to the record and fail to articulate a legal argument which would allow a meaningful review of his claims. Rather, plaintiff's brief is a narrative of the case from his perspective. "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43.  Accordingly, to the extent that plaintiff's brief fails to comply with Supreme Court Rule 341(h)(7), his arguments are forfeited.

¶ 22    Considering the content of plaintiff's brief, it would be within our discretion to dismiss the appeal. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005) ("Where an appellant's brief fails to comply with supreme court rules, this court has the inherent authority to dismiss the appeal."). However, because the issues in this case are simple, and we have the benefit of a cogent brief from defendants (see *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001)), we choose not to dismiss the appeal on that ground (see *Harvey v. Carponelli*, 117 Ill. App. 3d 448, 451 (1983)).

¶ 23    Defendants, however, argue that this court lacks jurisdiction because the trial court never ruled on plaintiff's timely filed postjudgment motion. In his reply brief, plaintiff concedes that the trial court never "answered" the motion, but argues that the trial court ignored it.

¶ 24    We have an independent duty to determine our jurisdiction to consider plaintiff's appeal. *People v. Smith*, 228 Ill. 2d 95, 104 (2008); see also *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 210 (1994). Whether we have jurisdiction is a question of law, which we review *de novo*. *Mayle v. Urban Realty Works, LLC*, 2020 IL App (1st) 191018, ¶ 36.

¶ 25    Generally, "[e]very final judgment of a circuit court in a civil case is appealable as of right." Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). "A judgment or order is 'final' if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy." *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997). "The filing of a notice of appeal 'is the jurisdictional step which initiates appellate review.' " *Smith*, 228 Ill. 2d at 104 (quoting *Niccum v. Botti, Marinaccio, DeSalvo & Tameling, Ltd.*, 182 Ill. 2d 6, 7 (1998)).

¶ 26    To confer jurisdiction on this court, a notice of appeal must generally be filed within 30 days after the entry of the final judgment from which the appeal is taken. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). However, if a timely postjudgment motion is filed, the time for filing a notice of appeal is tolled and the appealing party must then file a notice of appeal "within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order." *Id*. If a party prematurely files a notice of appeal before the entry of the order disposing of the last pending postjudgment motion, Rule 303(a)(2) provides that the notice of appeal becomes effective when the order disposing of the last pending postjudgment motion is entered. Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017).

¶ 27    Here, the trial court dismissed the instant petition for administrative review on March 3, 2020. On March 30, 2020, plaintiff filed, *pro se*, a motion to vacate and a notice of appeal. The motion to vacate was a timely filed postjudgment motion directed against the judgment. The record

on appeal does not contain the trial court's ruling thereon. Plaintiff concedes in his reply brief that the trial court did not rule on the motion to vacate, but argues that the trial court ignored the motion. He further argues, without citation to authority, that this court has jurisdiction pursuant to Rule 301. Although defendants contend that the trial court entered an order disposing of the postjudgment motion on August 10, 2020, that order is not included in the record of appeal. Nor is there is a docket entry in the "docket list" contained in the record on appeal.

¶ 28    On appeal, the appellant, in this case plaintiff, has the burden to provide a complete record for review in the appellate court to support a claim of error, and any doubts arising from the incompleteness of the record will be resolved against him. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Here, because the record on appeal does not show the trial court disposed of plaintiff's timely filed postjudgment motion, the record does not establish our jurisdiction to consider this appeal. See Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017). Based on this record, we must dismiss the appeal.

¶ 29    Appeal dismissed.