2021 IL App (1st) 192492-U

No. 1-19-2492

FIFTH DIVISION
AUGUST 20, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ROBERT ANTONSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 18 CH 10844 |
| THE DEPARTMENT OF HUMAN SERVICES, JAMES | ) | |
| T. DIMAS, SECRETARY, and BUREAU OF | ) | |
| HEARINGS, | ) | Honorable |
| | ) | David B. Atkins, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court.
Presiding Justice Delort and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's order affirming the dismissal of an administrative appeal as moot is affirmed.

¶ 2    Plaintiff Robert Antonson appeals *pro se* from the circuit court of Cook County's order affirming the decision of the Department of Human Services (Department) to dismiss his administrative appeal as moot. On appeal, plaintiff contends the circuit court erred by affirming

the Department's decision. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 3                               BACKGROUND

¶ 4     Plaintiff and his wife are recipients of Temporary Assistance for Needy Families (TANF) and Supplemental Nutrition Assistance Program (SNAP) benefits administered by the Department. On February 22, 2016, plaintiff's wife's TANF cash assistance was sanctioned.[1] On May 17, 2016, the Department issued a final administrative decision reversing the sanctions imposed on plaintiff's wife's benefits.[2] On May 18, 2016, the Department sent plaintiff a notice of decision, informing him that a check for $2,370 would be sent to him on May 27, 2016, to cover his family's needs from January 1 through June 1, 2016. After that initial check, plaintiff's family would receive regular monthly TANF benefits of $474 beginning July 10, 2016.

¶ 5     On June 21, 2016, plaintiff filed an appeal, requesting a hearing and asserting that the Department refused to comply with the May 17, 2016, final administrative decision. Plaintiff indicated that unfavorable action had been taken on his TANF benefits. Plaintiff also filed a complaint for administrative review in the circuit court (case no. 16 CH 14571). On February 23, 2018, the circuit court ruled that the case be remanded to the Department to conduct a hearing as requested in plaintiff's June 2016 appeal request form regarding the Department's May 2016 notice of decision.

---

[1]This term refers to a reduction or cessation of benefits.

[2]This order refers to the February 22, 2016, decision to sanction plaintiff's wife's SNAP benefits effective January 1, 2016. According to the Department's findings, plaintiff's wife's SNAP benefits were never sanctioned, but rather this decision relates to her TANF benefits.

¶ 6      On remand, the Department held a hearing on April 9, June 4, and July 23, 2018. During the hearing, plaintiff represented to the hearing officer that he had received the amount indicated in the May 18, 2016, notice of decision. He clarified that the issue on appeal was that he had been sanctioned prior to January 2016, so the May 17 and May 18, 2016, decisions should have covered the period of time prior to January 1, 2016. Plaintiff argued he was still due approximately $8,000 in TANF benefits as of August 2018, but did not provide any evidence supporting this claim. Plaintiff accused the Department of "doctoring" documents through the years leading up to the appeal at issue.

¶ 7      Denise Johnson, a casework manager for the Department, testified that plaintiff had received SNAP benefits consistently since January 2016. She explained that he had never been sanctioned for his SNAP benefits, although they were lower during certain months. Plaintiff had been sanctioned for his TANF benefits in February 2016 and received a half payment for his TANF benefits in December 2015. Plaintiff's SNAP benefits were never sanctioned, although his TANF benefits had been.

¶ 8      Plaintiff testified that his SNAP benefits had been sanctioned and that the Department would find evidence of the sanctions in his full record, which he had not received at the time of the hearing. In colloquy with plaintiff, the hearing officer detailed that the May 17, 2016, final administrative decision erroneously stated that he had been sanctioned for his SNAP benefits, but plaintiff then received cash assistance under the TANF program from January through June 2016. The hearing officer found that the TANF cash assistance sanctions plaintiff was primarily contesting during the hearing had been handled under a separate appeal, which had been reversed by the circuit court in case no. 16 CH 3654. Plaintiff disagreed with the hearing officer's

contention, arguing that part of the present appeal included sanctions which had been addressed in case no. 16 CH 3654. He stated that while he received the money which was detailed in the May 18, 2016, decision, it was insufficient restitution. He also indicated his family had been harassed and bullied by the Department, who, *inter alia*, made physical threats against them, which had been harming his family's well-being.

¶ 9    On August 21, 2018, the Department issued a final administrative decision, dismissing plaintiff's appeal as moot. Therein, the Department found that the issue on appeal was whether the May 2016 final administrative decision had been implemented. In the decision, the Department recounted in detail the procedural history of the case. The Department noted that plaintiff had appealed a February 22, 2016, notice advising him that his TANF cash benefits would be reduced due to a 3-month sanction effective January 1, 2016. The May 2016 final administrative decision from that appeal reversed the sanctions and plaintiff received a notice advising him he would receive cash assistance under the TANF program for January through June 2016 in the amount of $2,370, with $474 in monthly TANF cash assistance thereafter. On June 21, 2016, plaintiff appealed, arguing that the Department did not comply with the May 2016 final administrative decision.

¶ 10    Separately, the Department noted that on November 18, 2015, plaintiff appealed an October 22, 2015, decision reducing his TANF cash assistance, due to a separate TANF sanction effective December 3, 2015. The Department upheld the sanction on February 18, 2016, and plaintiff appealed this final administrative decision in the circuit court under case no. 16 CH 3654. On March 9, 2017, the circuit court reversed this final administrative decision, and ordered the

Department to reimburse plaintiff for the TANF cash assistance that had been withheld under the October 2015 sanctions notice.

¶ 11    The Department found that the final administrative decision issued in May 2016 "appears to be in error" because it stated that plaintiff's SNAP benefits had been sanctioned, but only his TANF benefits had actually been sanctioned. Regardless of the error, in response to this final administrative decision, plaintiff had been reimbursed for the sanctioned TANF benefits; specifically, plaintiff had been issued TANF cash assistance for January 1, 2016, through June 1, 2016, with monthly assistance thereafter.

¶ 12    In its ruling, the Department also noted that plaintiff's TANF benefits had been addressed in a separate appeal, in which the Department upheld a sanction to plaintiff's benefits effective December 3, 2015. The circuit court reversed this final administrative decision in case no. 16 CH 3654 and ordered the Department to reimburse plaintiff for the TANF cash assistance withheld due to this sanction. In the present appeal, plaintiff was appealing the implementation of the final administrative decision, which erroneously identified the sanctioned benefits as SNAP rather than TANF benefits. No actual controversy existed regarding his SNAP benefits, and based on the filings, he was originally seeking review of the TANF benefits which had been addressed in the separate appeal. Accordingly, the Department found the issue on appeal to be moot and dismissed the appeal.

¶ 13    Plaintiff filed a complaint for judicial review against the Department and its secretary, James T. Dimas, in the circuit court of Cook County pursuant to the Illinois Administrative Review

Law (735 ILCS 5/3-101 *et seq.* (West 2018)).[3] After the Department filed its answer, which contained the administrative record, plaintiff filed multiple motions to compel production of additional documents, arguing the Department was committing perjury and spoliation of documents by "cherry-picking" documents to "cover up their misdeeds." Specifically, plaintiff sought introduction of correspondence and complaints regarding *inter alia* the Department's "fraud, employees [*sic*] crass incompetence, misconducts, harassments, perjuries used in the process of harassing, [and] physical threats." The court granted the motions in order to supplement the record with documents missing from the administrative record that the Department had reviewed in making its final administrative decision but denied plaintiff's request to add documents to the administrative record.

¶ 14    On November 13, 2019, the circuit court of Cook County entered an order affirming the August 21, 2018, final administrative decision. In the order, the court noted that on May 17, 2016, the Department issued a final administrative decision reversing the February 2016 sanction. The court agreed with the Department that the May 17, 2016, final administrative decision had "erroneously identified Plaintiff's SNAP benefits as the benefits that were sanctioned when, in fact, it was Plaintiff's TANF benefits that were sanctioned, and for which Plaintiff filed his appeal." As previously noted, plaintiff received a notice informing him he would receive $2,370 for the period of January 1 through June 1, 2016, and $474 per month thereafter. Plaintiff appealed the May 2016 decision to the circuit court and the court remanded the matter back to the Department for the purpose of conducting a hearing as requested. On remand, plaintiff informed the Department that he had received the amount indicated in the notice, but argued he was entitled

_____

[3]Grace B. Hou has since replaced James T. Dimas as secretary. See 735 ILCS 5/2-1008(d) (West 2018).

to be reimbursed for an additional amount. However, he failed to provide evidence to support that claim. Accordingly, the circuit court affirmed the Department's August 2018 final administrative decision because the February 2016 sanctions had been reversed and plaintiff was reimbursed for the period in which his family's benefits had been reduced because the sanction was in place.

¶ 15                                   ANALYSIS

¶ 16    On appeal, plaintiff contends that the circuit court erred in affirming the Department's final administrative decision and incorrectly denied his motion to compel the Department to produce the entire record. He requests we "invalidate" the circuit court's order and order restitution of "all illegally sanctioned benefits." He also argues that the Department retaliated against him for filing a grievance, and the circuit court was biased against him and acted "in a misconduct [*sic*], incompetent and corrupt way." Plaintiff has attached several exhibits to his appellate brief, including a news article about fraud in Mississippi's welfare system, screenshots of his email inbox, and documents he filed in another circuit court case.

¶ 17    We note plaintiff's appellate brief fails to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020). As we have admonished plaintiff in other appeals he has filed in this court, these deficiencies in his brief hinder our ability to meaningfully review his claims of error.[4]

¶ 18    For example, plaintiff's statement of facts does not contain the facts necessary for this court to understand the case, stated in an accurate and fair manner without argument or comment. See Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Instead, plaintiff's statement of facts is argumentative, includes many unsubstantiated allegations of fraud, corruption, and harassment by the Department

---

[4]See, *e.g.*, *Antonson v. Illinois Department of Human Services*, 2021 IL App (1st) 200583-U, ¶¶ 20-22; *Antonson v. The Department of Human Services*, 2021 IL App (1st) 192272-U, ¶¶ 14-18.

and judiciary, and addresses many alleged facts and conclusions without support in the record. Additionally, plaintiff's argument contains no citations to relevant authority or pages of the record and does not set forth a coherent legal argument challenging the Department's final administrative decision. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 19    The supreme court rules are not suggestions, and we may strike a brief for failure to comply with the rules. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. A reviewing court is entitled to have briefs submitted that present an organized and coherent legal argument in accordance with the supreme court rules. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). A party's status as a *pro se* litigant does not relieve him of this obligation (*Fryzel v. Miller*, 2014 Il App (1st) 120597, ¶ 26), and we have the authority to dismiss an appeal on this basis (*Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22). Although we have cautioned plaintiff about these deficiencies previously, rather than strike his brief, we will resolve the appeal because we have the benefit of a cogent brief from the Department. See *North Community Bank v. 17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 14 (reviewing merits of the appeal despite appellant's numerous violations of Supreme Court Rule 341(h)).

¶ 20    In administrative cases, this court reviews the Department's final decision, not the determination of the circuit court. *Outcom, Inc. v. Illinois Department of Transportation*, 233 Ill. 2d 324, 337 (2009). In this case, the Department determined plaintiff's appeal was moot. Whether a case presents an actual controversy or is moot is a question of law (*People v. Custer*, 2019 IL 123339, ¶ 17), which this court reviews *de novo* (*Benz v. Department of Children and Family Services*, 2015 IL App (1st) 130414, ¶ 31).

¶ 21    This case involves the appeal of the Department's May 17, 2016, final administrative decision which indicated that plaintiff's wife's SNAP benefits had been sanctioned for the months of January through May 2016. The Department later determined that its May 17, 2016, decision erroneously identified SNAP benefits rather than TANF benefits. The May 17, 2016, final administrative decision reversed the sanctions which had reduced the family's benefits. On May 18, 2016, the Department issued plaintiff a decision indicating he was to be reimbursed for the sanctioned TANF benefits with a lump sum of $2,370, to cover January 1 through June 1, 2016, with monthly assistance of $474 thereafter. Plaintiff acknowledged that he received this check, but indicated it was insufficient reimbursement. However, he provided the Department with no evidence of his claim of insufficiency. In fact, there is also no evidence that plaintiff's SNAP benefits were ever sanctioned. Further, plaintiff received reimbursement for his TANF benefits covering the months addressed by the May 17, 2016, sanction. Because plaintiff has secured what he basically sought, there is no actual controversy. Thus, the Department properly dismissed plaintiff's appeal as moot and the circuit court properly affirmed that judgment.

¶ 22    Additionally, plaintiff asserts various allegations of corruption, fraud, and bias, and attaches documents to his brief that were not before the Department when the hearing which underpins this appeal was held. We will not consider any matter on appeal which was not raised initially during the administrative proceeding. *Illinois Bell Telephone Co. v. Human Rights Comm'n*, 190 Ill App. 3d 1036, 1044-45 (1989). Nor will we consider documents that were not before the Department during the hearing and are not part of the record on appeal. See *In re Estate of Matthews*, 409 Ill. App. 3d 780, 783 (2011) ("the record on appeal cannot be supplemented by attaching documents to the appendix of a brief").

¶ 23                              CONCLUSION

¶ 24    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 25    Affirmed.