2021 IL App (1st) 210197

FIRST DISTRICT,
FIRST DIVISION
November 22, 2021

No. 1-21-0197

| | | |
|---|---|---|
| *In re* | ) | Appeal from the |
| | ) | Circuit Court of |
| Es. C., El. C., and C.M., | ) | Cook County, Illinois |
| | ) | Juvenile Justice and |
| Minors -Appellees, | ) | Child Protection Department, |
| | ) | Child Protection Division. |
| | ) | |
| | ) | |
| (The People of the State of Illinois, | ) | Nos. 17 JA 352, 17 JA 353, |
| | | 17 JA 354 |
| | ) | |
| Petitioner-Appellee, | ) | |
| v. | ) | The Honorable |
| | ) | Kimberly Lewis, |
| E.R., | ) | Judge Presiding. |
| | ) | |
| Respondent-Appellant.) | ) | |

JUSTICE COGHLAN delivered the judgment of the court, with opinion.
Justices Pucinski and Walker concurred in the judgment and opinion.

**OPINION**

¶ 1        Mother-respondent E.R. appeals from the trial court's order terminating her parental

rights to three of her minor children, Es. C., El. C., and C.M. E.R. asserts that conducting part of

the termination of parental rights (TPR) trial on Zoom violated her rights to effective assistance

of counsel, confrontation, and due process. For the reasons that follow, we affirm.

¶ 2                                          BACKGROUND

¶ 3        Initially, we note that E.R. does not challenge the evidence presented during the TPR proceedings or argue that the court's findings were against the manifest weight of the evidence. We set forth here only those facts necessary to resolve the issues raised in this appeal.

¶ 4        In April 2017, the State brought petitions for adjudication of wardship and moved for temporary custody of Es. C., El. C., and C.M.[1] The petitions alleged that the minors were abused and neglected.

¶ 5        On April 13, 2017, following a stipulated adjudication hearing, the trial court found probable cause that the minors were abused/neglected and an immediate and urgent necessity to place temporary custody of the minors in the Department of Children and Family Services (DCFS) guardianship administrator. On September 27, 2017, the trial court found the minors to be abused or neglected due to an injurious environment and at substantial risk of physical injury. On February 7, 2018, the trial court entered a disposition order finding the minors to be wards of the court with placement to remain with the DCFS guardianship administrator.

¶ 6        On May 6, 2019, the State filed TPR petitions on behalf of the minors and a supplemental petition for the appointment of a guardian with the right to consent to adoption, alleging that E.R. was an unfit parent. The trial commenced in person on December 27, 2019. E.R. was found to be unfit for a number of reasons, including her failure to maintain a reasonable degree of interest, concern, or responsibility and failure to make reasonable progress towards the return of the children from September 2017 to April 2019.

¶ 7        The best interests hearing commenced immediately after the trial court's unfitness ruling, but was continued to a later date for completion. In early March 2020, in-person court

---

[1] El. C. and Es. C have a different father than C.M., and both fathers' parental rights were terminated. They are not parties to this appeal.

appearances in the circuit court of Cook County were canceled and/or restrictions were imposed due to the COVID-19 pandemic. In order to address public health risks, Chief Judge Timothy C. Evans entered General Administrative Order 2020-07, providing, in part, "except in extraordinary or compelling circumstances, all matters in all Districts and Divisions of the court shall be conducted by videoconference, subject to the limitations imposed by the constitutions of the United States and the State of Illinois." Cook County Cir. Ct. Gen. Adm. Order 2020-07 (Nov. 23, 2020). After a number of continuances, the trial court ordered that the matter would proceed via Zoom audio-video conferencing.

¶ 8        E.R. objected to a Zoom hearing, arguing that under Illinois Supreme Court Rule 241 (eff. May 22, 2020) and the Juvenile Court Act of 1987 (705 ILCS 405/1-1 *et seq.* (West 2020)), she had the right to be physically present in court, that counsel could not effectively cross-examine witnesses over Zoom, and that trial by Zoom constituted a due process violation.

¶ 9        The trial court ruled that conducting the hearing virtually "would not deprive any of the parties of their right to a full and fair hearing," noting:

> "My ability to evaluate the credibility of witnesses has not been negatively impacted by remote versus in-person hearing. *** This hearing will be conducted to as to ensure that the due process rights of the parties are maintained. This Court will do everything within its power and authority to ensure that all witnesses called to testify are alone and not subject to being coached and that witnesses are not using notes. *** This Court will give counsel every opportunity to confer with their client before, during and after witness examinations so that effective assistance of counsel will be provided."

¶ 10        The TPR trial proceeded on February 8, 2021, over Zoom. The court heard the testimony of a former caseworker, the foster care supervisor, and E.R. At the conclusion of the trial, the

court terminated E.R.'s parental rights, finding that it was in the best interests of the minors to allow the appointment of a guardian to consent to adoption.

¶ 11                                            ANALYSIS

¶ 12         E.R. argues that the Zoom hearing violated her rights to effective assistance of counsel, confrontation, and due process

¶ 13         Initially, we note that E.R.'s brief does not comply with Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) because her argument does not contain any citations to the record in support of her claims.[2] While this alone is grounds for forfeiture (see *In re Davon H.*, 2015 IL App (1st) 150926, ¶ 61), "because the merits of the case can be ascertained from the record and we have the benefit of *** cogent brief[s]" from the State and the Public Guardian, we will consider the merits of E.R.'s arguments. *Antonson v. Department of Human Services*, 2021 IL App (1st) 192272-U, ¶ 18; see also *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001) (finding that plaintiff's insufficient brief did not preclude "meaningful review" and the "merits of the present case can be readily ascertained from the record on appeal").

¶ 14         First, E.R. maintains that "trial by zoom denied [her] effective assistance of counsel" because the sixth amendment "encompasses meaningful in-person interaction between respondent and counsel, before trial and simultaneously during trial."

---

[2]E.R. attempts to "adopt[ ] and incorporate[ ] by reference" a reply brief filed in an unrelated case, *In re R.D.*, 2021 IL App (1st) 201411. While the legal issues in the instant appeal overlap with *In re R.D.*, the contentions in the reply brief respond specifically to the parties' arguments and the circumstances in that appeal rather than the case at hand. See Ill. S. Ct. R. 341(j) (eff. Oct. 1, 2020) ("The reply brief, if any, shall be confined strictly to reply to arguments presented in the brief of the appellee ***."). We therefore will not consider a reply brief filed in an unrelated appeal.

¶ 15        The sixth amendment right to counsel applies to criminal defendants (see U.S. Const., amend. VI ("[i]n all criminal prosecutions, the accused shall enjoy the right *** to have the Assistance of Counsel for his defense")), whereas E.R.'s right to counsel originates from the Act (705 ILCS 405/1-5(1) (West 2020)). "Though the statutory right to counsel in proceedings under the Juvenile Court Act lacks constitutional footing *** that right is closely linked to its constitutional counterpart ***." *In re Br. M.*, 2021 IL 125969, ¶ 42 (citing *In re R.G.*, 165 Ill. App. 3d 112, 127 (1988)). Claims of ineffective assistance of counsel in parental rights proceedings are assessed using the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). See *Br. M.*, 2021 IL 125969, ¶ 43.

¶ 16        E.R. does not claim that counsel was ineffective. Rather, E.R. erroneously relies on *Powell v. Alabama*, 287 U.S. 45 (1932) and *Glasser v. United States*, 315 U.S. 60 (1942), in asserting that effective assistance of counsel requires "meaningful in-person interaction" with counsel at every stage of the proceedings. Neither case stands for that proposition. See *Powell*, 287 U.S. at 71 (failure of the trial court to give defendants "reasonable time and opportunity to secure counsel was a clear denial of due process"); *Glasser*, 315 U.S. at 70 (addressing whether defendant received ineffective assistance of counsel due to counsel's conflict of interest).

¶ 17        E.R. also asserts a denial of her right to confront witnesses under the sixth amendment. Again, this right applies in *criminal* prosecutions (see U.S. Const., amend. VI ("[i]n all criminal prosecutions, the accused shall enjoy the right to *** be confronted with the witnesses against him")), whereas child protection proceedings under the Act are civil in nature. See *In re J.S.*, 2020 IL App (1st) 191119, ¶ 41. The sixth amendment confrontation clause has been applied to civil cases "involving procedures before administrative agencies" where there has been "gross" deviation from fair procedure. *In re K.L.M.*, 146 Ill. App. 3d 489, 495 (1986). To the extent that

"confrontation rights may be an aspect of due process in civil proceedings, the confrontation clause need not be applied strictly." *Id.* In her brief, E.R. fails to distinguish between civil and criminal proceedings, much less explain how her sixth amendment rights have been violated in this case.

¶ 18     E.R. also relies on her right to be present and to cross-examine witnesses under the Act (see 705 ILCS 405/1-5(1) (West 2020)), but the right to be present, in-person or otherwise, is not absolute. See, *e.g.*, *In re M.R.*, 316 Ill. App. 3d 399, 403 (2000); *In re P.S.*, 2021 IL App (5th) 210027, ¶ 73 (finding that while Rule 241 "does not specifically state that remote participation is the same as the statutory right to be 'present' at a hearing, such a finding is implicit in the Rule's provision allowing persons to 'participate' remotely").

¶ 19     Moreover, even in criminal proceedings, the requirement of face-to-face, in-person confrontation "is not absolute." *People v. Lofton*, 194 Ill. 2d 40, 59 (2000). The United States Supreme Court has held that the right to face-to-face, in person confrontation may need to give way to policy concerns where "necessary to further an important state interest" as long as it "does not impinge upon the truth-seeking" purpose of the confrontation clause. *Maryland v. Craig*, 497 U.S. 836, 851-52 (1990); see also *Lofton*, 194 Ill. 2d at 59 (finding the trial court preventing defendant from viewing testifying witness at all fell outside of the narrow exception in *Craig*).

¶ 20     In *In re R.D.*, 2021 IL App (1st) 201411, ¶ 15, we recently held that conducting hearings to terminate respondents' parental rights over Zoom "did not impinge upon the truth-seeking purpose of the confrontation clause." In *R.D.*, "respondents were represented by counsel and had the opportunity to be present, to be heard, to present evidence, and to cross-examine the witnesses against them. While in-person testimony and cross-examination are preferred

[citation], respondents and their counsel could view and hear the witnesses as they testified." *Id.* The trial court ensured that all witnesses were alone and not using documents while testifying and found that its ability to evaluate the credibility of witnesses was not negatively impacted by remote proceedings. *Id.* We also held that the use of Zoom furthered important state interests by "enabling courts to conduct business while keeping people safe from a deadly virus" and by advancing the State's interest in the welfare of the children. *Id.* ¶ 16.

¶ 21        Similarly, in the instant case, E.R. was represented by counsel and had the opportunity to be present, to be heard, to present evidence, and to cross-examine the witnesses against her. The trial court ensured that the witnesses were alone and not referencing documents while testifying, and the court found that it was able to effectively assess the credibility of witnesses. Additionally, the same important state interests in the welfare of the minors and safely resolving the case amidst a global pandemic at issue in *R.D.* are present here. See *id*. ¶ 16.

¶ 22        Finally, E.R. alleges a deprivation of her interest in the care, custody, and management of her children, a fundamental liberty interest protected by the due process clause of the fourteenth amendment. See *Santosky v. Kramer*, 455 U.S. 745, 753 (1982); *In re D.T.*, 212 Ill. 2d 347, 363 (2004). When the State moves to terminate parental rights, "it must provide the parents with fundamentally fair procedures." *Santosky*, 455 U.S. at 753-54.

¶ 23        In determining whether administrative procedures are constitutionally sufficient, we consider (1) the "private interest that will be affected by the official action," (2) "the risk of erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or

substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *In re M.H.*, 196 Ill. 2d 356, 365 (2001) (applying *Mathews* to TPR proceedings).

¶ 24     Balancing the *Mathews* factors, we find that the Zoom hearing conducted in this case complied with the requirements of procedural due process. E.R. has a protected liberty interest in maintaining a relationship with her children, but the children have their own interests in a "stable and safe home environment" free from the "uncertain and fluctuating world of foster care." *D.T.*, 212 Ill. 2d at 364-65. In addition, as discussed herein, E.R. was not denied the right to be present, to be heard, to cross-examine witnesses against her, or to confer with counsel. See *R.D.*, 2021 IL App (1st) 201411, ¶ 20 (noting that "[c]ounsel conducted a contemporaneous cross-examination and, through the monitor, counsel could observe the witness's demeanor and body language").

¶ 25     Finally, the State has a " '*parens patriae* interest in preserving and promoting the welfare of the child[ren] and a fiscal and administrative interest of reducing the cost and burden of such proceedings.' " *D.T.*, 212 Ill. 2d at 365 (quoting *Santosky*, 455 U.S. at 766). Further delay would arguably "impose[ ] a serious cost on the functions of government, as well as an intangible cost to the lives of the children involved." *M.R.*, 316 Ill. App. 3d at 403. And, "[g]iven the seriousness of the continuing COVID-19 pandemic and the uncertainty of when it would be safe to hold in-person hearings, we must weigh this factor accordingly." *R.D.*, 2021 IL App (1st) 201411, ¶ 21. Accordingly, we find that completing this trial over Zoom did not violate E.R.'s right to procedural due process. See, *e.g.*, *id.* (holding that Zoom TPR proceedings did not violate parents' rights to procedural due process under *Mathews*); *M.R.*, 316 Ill. App. 3d at 403 (weighing the factors under *Mathews*, the court held that mother's absence from TPR proceedings due to her hospitalization did not violate due process where she was represented by counsel and further delay would impinge on State's and children's interests).

¶ 26        We further find that these proceedings were conducted in conformity with Illinois Supreme Court Rule 241 (eff. May 22, 2020), which provides that a "case participant may testify or otherwise participate in a civil trial or evidentiary hearing by video conferencing from a remote location" if "good cause" is shown. "Good cause is likely to arise when a witness is unable to attend a trial for unexpected reasons, such as accident, illness, or limited court operations ***." Ill. S. Ct. R. 241, Committee Comments (rev. May 22, 2020). The trial court "should take into consideration and balance any due process concerns" when deciding whether to allow remote testimony. *Id.*

¶ 27        In *In re P.S.*, the Fifth District held that the trial court "did not abuse its discretion in denying Father's request for a continuance and electing to conduct the termination proceedings via a videoconferencing platform in conformity with Rule 241." 2021 IL App (5th) 210027, ¶ 63. The father argued that conducting TPR proceedings via Zoom violated his " 'due process right to appear personally at all stages of the proceeding.' " *Id.* ¶ 51. The court found that "good cause" was shown because of the limited court operations "due to the public health concerns presented by the ongoing coronavirus pandemic." *Id.* ¶ 59.

¶ 28        Likewise, in-court operations were limited in this case due to the COVID-19 pandemic and the court properly "took steps to safeguard the integrity of the proceedings and the parties' rights" (*id.* ¶ 60) by addressing its ability to assess credibility, providing opportunities for E.R. to confer with counsel in breakout rooms, and ensuring that the witnesses were alone and not referring to documents while testifying.

¶ 29                                    CONCLUSION

¶ 30        For the foregoing reasons, E.R.'s rights to effective assistance of counsel, confrontation, and due process were not violated by completing a best interests hearing over Zoom amidst a

global pandemic. The trial court's termination of E.R.'s parental rights for all three children is affirmed.

¶ 31          Affirmed.

---

**No. 1-21-0197**

---

| | |
|---|---|
| **Cite as:** | *In re Es.C.*, 2021 IL App (1st) 210197 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, Nos. 17-JA-352, 17-JA-353, 17-JA-354; the Hon. Kimberly Lewis, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Sharone R. Mitchell Jr., Public Defender, of Chicago (Marsha Watt, Assistant Public Defender, of counsel), for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (John E. Nowak, Gina DiVito and Brian A. Levitsky, Assistant State's Attorneys, of counsel), for the People.<br><br>Charles P. Golbert, Public Guardian, of Chicago (Kass A. Plain and Christopher J. Williams, of counsel), for appellee. |